# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-2311

UNITED STATES OF AMERICA

    Plaintiff,

v.

GROENDYKE TRANSPORT INC.,

    Defendant.

# COMPLAINT

The United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency (EPA), file this Complaint and allege as follows:

## I. NATURE OF THE ACTION

1. This civil action asserts claims for penalties against Groendyke Transport Inc. (Groendyke), as the legal successor to Manweiler Transport Company (Transport), for violations of Section 311(b)(3) of the Clean Water Act (CWA), 33 U.S.C. § 132l(b)(3), for the unpermitted discharge on August 26, 2016, of petroleum product into or upon navigable waters of the United States and their adjoining shorelines.

2. Specifically, the United States alleges on that date, a tanker truck operated by Manweiler Transport Inc. took a turn too fast in the 900 block of Motor City Drive in

1

Colorado Springs, Colorado, overturned and subsequently spilled approximately 190 barrels (8,000 gallons) of diesel and gasoline into or upon navigable waters of the United States and their adjoining shorelines.

3. The United States further alleges that this unauthorized discharge from the tanker truck, after it crashed, went into a storm drain that flows to Bear Creek and then to Fountain Creek, a perennial water that flows into the Arkansas River, an interstate water.

4. The United States seeks civil penalties from Groendyke pursuant to Section 311(b)(7) of the Act, 33 § U.S.C. 1321(b)(7), for this unauthorized discharge.

5. Groendyke is an Oklahoma corporation that owns and operates a tanker truck transport business that transports petroleum and other products. On January 3, 2017, Manweiler was acquired by and merged into Groendyke.

## II. JURISDICTION, AUTHORITY AND VENUE

6. This Court has jurisdiction over the subject matter of the United States' claims in this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355, and Sections 311(b)(7)(E) and 311(n) of the CWA, 1321(b)(7)(E) and 1321(n). The Court has personal jurisdiction over the Parties.

7. Authority to bring this action is vested in the United States Department of Justice by Sections 506 of the CWA, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

8. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and, and 1395(a).

9. Notice of commencement of this action has been given to the State of Colorado pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

### III. STATUTORY FRAMEWORK

10. Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

11. Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), prohibits the discharge of oil into or upon the navigable waters of the United States and adjoining shorelines in such quantities as the President determines may be harmful to the public health or welfare or the environment of the United States. Section 311(a)(2) of the CWA defines "discharge" to include "any spilling, leaking, pumping, pouring, emitting, emptying or dumping …" subject to certain specified exceptions not applicable here. 33 U.S.C. § 1321(a)(2).

12. Pursuant to Section 311(b)(4) of the CWA, 33 U.S.C. § 1321(b)(4), EPA, acting through its delegated authority under Executive Order No. 11735, 38 Fed. Reg. 21243 (Aug. 7, 1973), has determined by regulation that the quantities of oil that may be harmful to the public health or welfare or the environment of the United States include discharges of oil that violate applicable water quality standards, or cause a film or sheen upon or discoloration of the surface of the water or adjoining shorelines, or cause a sludge or emulsion to be deposited beneath the surface of the water or upon adjoining shorelines. 40 C.F.R. § 110.3.

13. Section 311(b)(7) of the CWA, 33 U.S.C. § 1321(b)(7), provides that:

(A) Discharge, generally
Any person who is the owner, operator, or person in charge of any vessel, onshore facility, or offshore facility from which oil or a hazardous substance is discharge

3

> in violation of [Section 311(b)(3) of the CWA], shall be subject to a civil penalty in an amount up to $25,000 per day of violation or an amount up to $1,000 per barrel of oil or unit of reportable quantity of hazardous substances discharged.

14. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note; Pub. L. 101-410), as amended by the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3701 note; Pub. L. 104-134); and 40 C.F.R. § 19.4, the above amounts have been adjusted upwards for inflation.

15. As described in 40 C.F.R. § 19.4, the daily amount of $25,000 has been adjusted for inflation to $48,192 for violations occurring after November 2, 2015, where penalties are assessed on or after January 13, 2020.  85 Fed. Reg. 1751 (January 13, 2020). The per-barrel amount of $1,000 has been adjusted for inflation to $1,928 for the same time period.  Id.

16. Pursuant to Sections 311(s) of the CWA, 33 U.S.C. § 1321(s), and Pub. L. 101-380 § 4304, amounts received by the United States for actions under Section 311 shall be deposited in the "Oil Spill Liability Trust Fund" established under 26 U.S.C. § 9509 to, *inter alia*, address future discharges and substantial threats of discharges of oil.

### IV.   GENERAL ALLEGATIONS

17. The discharge of diesel fuel and gasoline that is the subject of this complaint was from a tanker truck transporting petroleum product.  On or about August 26, 2016, the truck overturned due to driver error.  At approximately 3:50 AM, the tanker truck rolled over on its right side going around the curve on Motor City Drive in Colorado Springs, Colorado.  The tanker truck then discharged about 8,000 gallons of diesel and fuel and gasoline into a storm drain.

18. The storm drain connects to Bear Creek, which then flows into Fountain Creek (a perennial water that runs along the northbound side of Interstate 25) in Colorado Springs, and then flows into the Arkansas River, an interstate water.

19. The City of Colorado Springs Fire Department was the first to respond to the accident and notified EPA's National Response Center, and the Colorado Department of Health and Environment. Emergency response units estimated the oil reached approximately 30 miles downriver from the confluence of Fountain Creek and Bear Creek.

20. Manweiler's response contractor, Belfor Environmental, coordinated with the EPA and state and local responding agencies to help address the spill. Specifically, Belfor deployed boom along Bear Creek and removed oil with a vacuum truck at the storm drain outfall to Bear Creek. Belfor also removed free product that had collected behind the closed gates of the Fountain Mutual Irrigation Company located at the Colorado Springs Utilities' Las Vegas Water Resource Recovery Facility.

21. In response to the discharge, the Colorado Springs Utilities closed the intake to the Fountain Mutual Irrigation Company irrigation canal near the Las Vegas Water Resource Recover Facility. However, free product and a sheen were visible behind the closed gate and before entering the Las Vegas Water Resource Recovery Facility.

22. Fish killed by the discharge were collected from nine different sites along the Fountain Creek; the furthest location approximately 12.5 miles south of the discharge point, near the Fountain Regional Park at the intersection of Mesa Ridge Parkway and Interstate 25 in Fountain, Colorado.

23. Bear Creek is a "navigable water" of the United States within the meaning of CWA Section 502(7), 33 U.S.C. § 1362(7), and CWA Section 311, 33 U.S.C. § 1321.

24. At the times relevant to this Complaint, the overturned tanker truck was a "point source" within the meaning of CWA Section 502(14), 33 U.S.C. § 1362(14).

25. On or about August 26, 2016, Manweiler "discharged" 8,000 gallons of diesel and fuel and gasoline within the meaning of CWA Section 311(a)(2), 33 U.S.C. § 1321(a)(2), and CWA Section 502(16), 33 U.S.C. § 1362(16).

26. The petroleum product that was discharged from the tanker truck on or about August 26, 2016, was "oil" within the meaning of CWA Section 311(a)(1), 33 U.S.C. § 1321(a)(1), and a "pollutant" within the meaning of CWA Section 502(6), 33 U.S.C. § 1362(6).

27. The discharge of oil from the tanker truck on or about August 26, 2016 was in a quantity "as may be harmful as determined by the President" within the meaning of CWA Section 311(b)(3), 33 U.S.C. § 1321(b)(3), because the discharge was sufficient to and did cause a sheen or discoloration of receiving waters, within the meaning of 40 C.F.R. § 110.3.

28. Manweiler was the owner of the tanker truck from which oil was discharged, within the meaning of CWA Section 311 (b)(7)(A), 33 U.S.C. § 1321(b)(7)(A), and a "person" within the meaning of the CWA Sections 311(a)(7) and 502(5), 33 U.S.C. §§ 1321(a)(7), 1362(5).

29. At the time of the August 26, 2016 spill, Manweiler was an "operator … of [an] onshore facility … from which oil … [was] discharged" within the meaning of CWA

Section Section 311(b)(7)(A), 33 U.S.C. § 1321(b)(7)(A), and a "person" within the meaning of CWA Sections 311(a)(7) and 502(5), 33 U.S.C. §§ 321(a)(7) and 1362(5).

30. After it acquired and merged with Manweiler, Groendyke became the legal successor to Manweiler's assets and liabilities, including the unauthorized discharge on August 26, 2016.

## V.   CLAIM FOR RELIEF

31. Paragraphs 1 through 30 are realleged and incorporated herein by reference.

32. The unauthorized discharge that occurred on or about August 26, 2016, as set forth in this Complaint, is a violation of CWA Section 311(b)(3), 33 U.S.C. § 1321(b)(3), by Manweiler.

33. Groendyke, as the legal successor to Manweiler's liabilities, is liable for civil penalties of up to $48,192 per day or $1,928 per barrel discharged, pursuant to CWA Section 311(b)(7)(A), 33 U.S.C. § 1321(b)(7)(A), and 40 C.F.R. § 19.4.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Impose civil penalties under the CWA against Defendant in an amount of up to $1,100 per barrel of oil discharged for the unauthorized discharge alleged in this Complaint.

B. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s  *Nathaniel Douglas*
NATHANIEL DOUGLAS
Deputy Section Chief

Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice


 /s  *Heidi Hoffman*
HEIDI HOFFMAN
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
999 18th Street, South Terrace, Ste. 370
Denver, CO 80202
Phone: (303) 844-1392
Heidi.Hoffman@usdoj.gov
*Attorneys for Plaintiff*


Of Counsel:
K.C. Schefski
Regional Counsel
U.S. Environmental Protection Agency, Region 8
Denver, CO 80202


Marc D. Weiner
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 8
Office of Regional Counsel
Denver, CO 80202